IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry Dean Casey, #336472, | ) | C/A No.: 1:14-4765-RMG-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Robert M. Stevenson III, Warden BRCI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Larry Dean Casey ("Petitioner") is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [ECF Nos. 11, 12].   Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [ECF No. 13]. Petitioner filed a response on April 22, 2015. [ECF No. 15].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.        Factual and Procedural Background

According to the facts presented by the solicitor during the plea hearing, Petitioner and his family members went to the sheriff's department on September 16, 2007, to report a death. [ECF No. 12-1 at 136]. Petitioner reported to the officers that he and the victim, Kim Murphy ("Murphy"), were on a dirt road when Petitioner gave Murphy some crack. *Id.* Petitioner stated Murphy asked for more crack and when he did not give her more she became violent, grabbing an ice pick out of his truck. *Id.* Petitioner admitted having taken the ice pick from Murphy and stabbing her with it. *Id.* The autopsy revealed 11 stab wounds to Murphy's chest. *Id.* at 137. Petitioner said he poured gasoline on Murphy's body, lit it on fire, and left. *Id.* Petitioner said he returned to check on the body, which he discovered had not been completely destroyed. *Id.* at 136. Petitioner then tried to bury the remains, but ran into some yellow jackets while digging the hole, and instead decided to cover the body with logs and brush. *Id.* at 136–37.

Petitioner was indicted by the Spartanburg County grand jury in August 2008 for murder (2008-GS-42-4985). *Id.* at 218–19. Petitioner was represented by Andrew J. Johnston, Esq., and on August 25, 2009, pled guilty to voluntary manslaughter before the Honorable J. Derham Cole, Circuit Court Judge. *Id.* at 124–44. Judge Cole sentenced Petitioner to 24 years. *Id.* at 153–54. Petitioner did not file a direct appeal. [ECF No. 1 at 2].

On October 20, 2009, Petitioner filed an application for post-conviction relief ("PCR") (2009-CP-42-5689), asserting claims of ineffective assistance of counsel and

2

involuntary guilty plea. [ECF No. 12-1 at 157–64]. A PCR evidentiary hearing was held before the Honorable J. Mark Hayes II, Circuit Court Judge, on November 1, 2010, at which Petitioner and his counsel, Christopher Brough, Esq., appeared. [*Id.* at 179–209]. On January 6, 2011, Judge Hayes filed an order of dismissal. [*Id.* at 210–17].

Petitioner appealed from the denial of PCR and was represented by Appellate Defender Robert M. Pachak of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. [ECF No. 12-2]. Attorney Pachak filed a petition for writ of certiorari in the South Carolina Supreme Court on or about June 14, 2011, raising the following issue: "Whether defense counsel was ineffective with respect to the State's plea offer?" *Id.* at 3. The case was transferred to the Court of Appeals for disposition and certiorari was granted on September 5, 2013. [ECF No. 12-4]. On or about October 3, 2013, Attorney Pachak filed a brief on Petitioner's behalf, raising the following issue: "Whether defense counsel was ineffective with respect to the State's plea offer?" [ECF No. 12-5]. On June 30, 2014, the Court of Appeals issued an unpublished opinion affirming the denial of PCR. [ECF No. 12-7]. The remittitur was issued on July 17, 2014. [ECF No. 12-8].

Petitioner filed this federal petition for a writ of habeas corpus on December 12, 2014. [ECF No. 1-2 at 1].[1]

---

[1] The petition was received by the court on December 15, 2014, and docketed on December 17, 2014. [ECF No. 1]. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope

II.    Discussion

Petitioner raises the following grounds in his petition:

**Ground One:**    Guilty plea was unintelligent and involuntary as a result of ineffective assistance of counsel. The petitioner's Sixth Amendment right to the effective assistance of counsel was violated by trial/plea counsel's failure to adequately advise the petitioner to forego the State's initial plea offer to manslaughter and proceed to trial; where, counsel admitted on the record that he failed to, but should have, informed the petitioner of his [counsel's] belief that the petitioner was incapable of effectively testifying on his own behalf during the Jackson v. Denno[2] suppression hearing, so the petitioner could have taken that into consideration when he evaluated whether or not to proceed to trial, since counsel's strategy was to get the petitioner's confession suppressed by showing the court that the petitioner invoked his right to counsel during interrogation without the petitioner testifying to that invocation at the suppression hearing.

**Ground Two:**    The trial court's denial of the petitioner's motion to suppress his statements of confession, thereby, admitting such statements in court as evidence against the petitioner, deprived the petitioner of his federal constitutional protection under the Fifth Amendment to the Constitution of the United States; where, the trial court concluded that the petitioner was properly advised of his rights, knowingly waived such rights, and voluntarily provided his statement, despite the fact that the evidence presented, on the record, during the Jackson v. Denno hearing clearly reflected that the petitioner, after being handcuffed and taken into custody, was interrogated by law

---

containing the petition was deposited in the prison mailing system on December 12, 2014. [ECF No. 1-2 at 1].

[2] In *Jackson v. Denno,* 378 U.S. 368, 376–378, (1964), the Supreme Court held that a criminal defendant has a constitutional due process right to litigate, at some stage of his criminal trial, whether his pretrial statement to law enforcement, sought to be introduced against him by the prosecution, had been voluntarily rendered and to have a fair hearing and reliable determination on that issue uninfluenced by the truth or falsity of the statement itself.

enforcement and provided a self-incriminating statement prior to being warned of his constitutional rights in accordance with <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

[ECF Nos. 1 at 5–6; 1-1 at 4–5, 7].

A.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the

Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

      B.      Habeas Corpus Standard of Review

          1.      Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)     the applicant has exhausted the remedies available in the courts of the State; or

(B)     (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

7

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C.

2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citing *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted)). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal

---

[3] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854.   As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals.

b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass

10

can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986), *superseded by statute on other grounds* (AEDPA).

If a federal habeas petitioner has failed to raise a claim in state court and is

11

precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the states courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

C.    Analysis

1.    Barred Claims

As an initial matter, Respondent argues Petitioner procedurally defaulted on his claims in Ground Two by failing to preserve and raise the issue in a direct appeal. [ECF No. 12 at 10, 20]. In Ground Two, Petitioner alleges the trial court deprived him of his federal constitutional protection under the Fifth Amendment when it denied his motion to suppress his confessions. [ECF No. 1-1 at 7–8]. To the extent this claim was not raised in a direct or PCR appeal, it was not fairly presented to the South Carolina appellate courts and is procedurally barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); *Pruitt v. State*, 423 S.E.2d 127 (S.C. 1992) (holding issue must be raised to and ruled on by the PCR judge in order to be preserved for review). As a result, this claim was not properly presented to the South Carolina appellate courts, which would find the claim procedurally-defaulted if Petitioner attempted to raise it now. Consequently, federal habeas review of Petitioner's claim in Ground Two is barred absent a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Matthews v. Evatt*, *supra*.

2.    Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of Ground Two. In all cases in which a state prisoner has defaulted his federal claims in state

13

court, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (holding in order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Rodriguez*, 906 F.2d at 1159 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or the defendant's efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate any cause for procedurally defaulting on these grounds. Petitioner had a guilty plea in which he raised no objection, had the opportunity for a direct appeal, a PCR hearing, and a PCR appeal in which to raise these issues. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve the issues. To the extent Petitioner argues his PCR counsel was ineffective [ECF No. 15 at 16–17], this argument is insufficient to constitute cause for procedural default or undue

prejudice from an alleged constitutional violation. Petitioner cannot "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *See Martinez v. Ryan*, 132 S. Ct. 1309, 1318–20 (2012).

Having failed to establish "cause," the court does not reach whether Petitioner was prejudiced. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) ("We are mindful . . . that in *Engle* [*v. Isaac*, 456 U.S. 107, 134 n.43 (1982) ], after finding that there was no cause for the default, the Supreme Court ended its inquiry, noting that because 'we conclude[d] that these respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice.'"); *see also Breard v. Pruett*, 134 F.3d 615, 620 (4th Cir. 1998) (same).

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* at 337. The court's review of the record does not support a showing of actual innocence.

The guilty plea colloquy reflects Petitioner generally admitted the facts as recited by the solicitor in the Factual and Procedural Background section above. [ECF No. 12-1 at 136–38]. He admitted to stabbing Murphy to death and burning her body. *Id.* at 141–42.

Accordingly, Petitioner cannot show actual innocence, and the procedural bar applies to Ground Two.

### 3.    Merits Review of Ground One

In Ground One, Petitioner claims his guilty plea was unintelligent and involuntary due to his counsel's failure "to adequately advise [him] to forego the State's initial plea offer." [ECF No. 1-1 at 4]. Petitioner claims counsel's strategy was to have his confession suppressed, but counsel failed to inform him that he believed Petitioner was incapable of effectively testifying at the suppression hearing. *Id.* Petitioner alleges he was not able to consider counsel's belief regarding his inability to testify when he decided to accept the plea offer. *Id.* at 4–5.

To prevail on his ineffective assistance of counsel claims, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the

prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 562 U.S. at 104; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 562 U.S. at 88 (*quoting Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). In evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 562 U.S. at 105. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* at 102*, quoting Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

At the PCR evidentiary hearing, Petitioner testified he was going to accept the State's 12 year plea offer until his counsel told him he had a good case and there was a good chance "[Petitioner] could walk out when [counsel] walked out." [ECF No. 12-1 at

183. Petitioner stated counsel should have advised him to take the plea offer. *Id.* at 187. Petitioner testified he had a *Jackson v. Denno* hearing during which his counsel tried to have his statements excluded by arguing Petitioner requested an attorney prior to giving the statements. *Id.* at 184–87. Petitioner alleged his counsel advised him against testifying at the *Jackson v. Denno* hearing and argues that counsel was ineffective for not calling him as a witness. *Id.* at 187. Petitioner testified his counsel did not realize he had a tape of Petitioner and his families' interaction with the officers until he prepared for trial. *Id.* at 188. Petitioner argued if his counsel had done his research, he would have realized the plea deal was in Petitioner's best interest. *Id.* at 188–89.

Counsel testified Petitioner's case was highly unusual because the sheriff's office was not conducting a missing person or homicide investigation when Petitioner and his family reported to the office and Petitioner confessed to having killed Murphy in self-defense. *Id.* at 194–95. Counsel said Petitioner's confession was the key to the case against Petitioner and if the confession had been suppressed, there would have been no other evidence against Petitioner. *Id.* at 195. Counsel testified there was a video that showed Petitioner's family telling the detectives Petitioner wanted an attorney. *Id.* at 196–97. Counsel testified, however, that Petitioner's conversation with the detectives was not captured on video, and he did not see anything in his notes that Petitioner had invoked his right to counsel. *Id.* at 196–97. Counsel said he hoped the overall context of the video, together with admissions from the officers, would have been enough to have the confession suppressed, but it was not. *Id.* at 197. Counsel stated he did not think it was a good idea for

Petitioner to testify at the *Jackson v. Denno* hearing because he did not think Petitioner had a coherent story to tell, and he thought that "what we had laid out with the state's witnesses was our best hope without muddying the waters with his testimony." *Id.* at 200.

In regard to the 12-year plea offer, counsel testified he never told Petitioner to reject the plea, but instead tried to let Petitioner to make an informed decision about what he wanted to do. *Id.* at 198. Counsel stated, in retrospect, he should have pressed Petitioner to take the plea, but he did not and he was sorry that he did not. *Id.* Counsel testified that once it appeared that the confession was going to be admitted, he tried to have the 12-year plea offer reinstated, but he was not successful. *Id.* at 204. Counsel stated that the best thing to do at that time was to accept the offer for "a straight-up plea to manslaughter." *Id.* at 201, 204.

Petitioner's claims regarding his counsel were rejected by the PCR court, which found:

> As to the allegations of ineffective assistance of counsel, this Court finds Counsel's testimony was more credible than the Applicant's testimony. Specifically, Applicant testified Counsel did not look at the discovery materials until close to the time of trial, and then admitted he did not know whether this was true. This Court is not convinced that any errors, even assuming the errors were outside of reasonable professional judgment, would lead to a reasonable probability of a different outcome in the trial.

> As to the Applicant's assertion Counsel advised him to reject the State's twelve (12) year plea offer and enter an un-negotiated plea, this Court finds Counsel's testimony more credible than the Applicant's. Counsel testified he never advised Applicant to reject the State's initial plea offer. Counsel further presented evidence of an email from the Applicant's sister stating Applicant wanted to take the case to trial. This Court further finds Counsel adequately conferred with Applicant regarding his option to accept the plea or proceed to trial, and was thoroughly competent in his representation.

Applicant presented no testimony that Counsel's advice as to the State's initial plea offer was deficient or erroneous. See Kolle v. State, 386 S.C. 578, 591, 690 S.E.2d 73, 80 (2010) (finding plea counsel deficient for advising defendant the State's initial plea offer was not a "good deal" and misinforming defendant the offer would stay open). In retrospect, the Applicant should have accepted the State's offer of 12 years to involuntary manslaughter. However, the transcript and the evidence presented at the hearing do not establish ineffective assistance of counsel. The Applicant has failed to meet his burden of proof. Therefore, this claim is denied and dismissed.

Regarding Applicant's allegation that Counsel failed to properly investigate and prepare for trial, this Court finds no factual basis for this claim. Counsel is an experienced criminal trial practitioner with extensive experience in the trial of serious offenses. Counsel received all discovery material, fully investigated the case, and was aware of the evidence the State would present against Applicant at trial. Counsel also fully discussed with Applicant the charge and the applicable penalty, the State's evidence, and potential defenses. This Court finds that the investigation conducted by Counsel was sufficient under the circumstances of this case and that Counsel was adequately prepared for trial. Furthermore, the Applicant failed to present to this Court any evidence showing the specific beneficial results that additional investigation would have yielded. See Moorehead v. State, 329 S.C. 329, 496 S.E.2d 415 (1998) ("Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result"). This Court finds the Applicant has failed to meet his burden of proof as to this claim. Therefore, this claim is denied and dismissed.

This Court also finds Applicant's allegation that Counsel was ineffective for failing to prepare for and argue the Miranda issue in the pretrial hearing is without merit. Even though the transcript reads as if Applicant may have requested an attorney at the same time his family was demanding that he be allowed to speak to an attorney, the decision by the trial judge was not appealed. Further, the testimony offered at the evidentiary hearing and the guilty plea transcript establishes that Counsel adequately investigated, prepared for and argued the issue at the pretrial hearing. Applicant has provided no evidence to show how additional preparation would have affected the result of the hearing. See Jackson v. State, 329 S.C. 345, 495 S.E.2d 768 (1998) (claim of failure to adequately prepare for a case fails without showing of what evidence or other defenses would have resulted

from additional preparation). Therefore, this claim is without merit and is denied and dismissed.

[ECF No. 12-1 at 212–14]. The Court of Appeals also reviewed Petitioner's ineffective assistance of counsel claims on writ of certiorari and affirmed the PCR court's denial of PCR. [ECF No. 12-7].

In his opposition to summary judgment, Petitioner cites to the PCR hearing transcript and argues there is a genuine dispute of fact as to whether counsel advised Petitioner to reject the State's plea offer and proceed to trial. [ECF No. 15 at 6]. Petitioner alleges the PCR court did not evaluate the reasonableness of counsel's conversations with Petitioner to support its determination that counsel adequately conferred with Petitioner regarding whether to accept the plea. *Id.* at 10. Petitioner argues counsel admitted he failed to share his professional beliefs regarding the suppression hearing and Petitioner's inability to effectively testify at the hearing. *Id.* Petitioner also alleges the PCR court did not evaluate the reasonableness of counsel's decision to proceed to trial when the evidence supporting the motion to suppress was inconclusive. *Id.* at 11.

The undersigned finds support for the PCR court's findings that counsel did not advise Petitioner to reject the plea agreement and that counsel adequately discussed with Petitioner his decision to accept or reject the plea offer. The PCR court's factual findings are based, in part, on its assessment that counsel's testimony was more credible than Petitioner's. The PCR court's credibility determination is entitled to deference in this action. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state

21

court's error must be stark and clear."); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."). Petitioner may overcome this presumption of correctness only by showing "'clear and convincing evidence to the contrary.'" *Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)). Petitioner has shown no cause to discount the PCR court's credibility determination and the undersigned can find no basis in the record on which to overturn the state court decision.

The undersigned further finds counsel articulated valid strategic reasons for his decision to pursue the motion to suppress and to not call Petitioner as a witness during the suppression hearing. Courts are instructed to not second-guess an attorney's trial strategy and tactics. *Stamper v. Muncie*, 944 F.2d 170 (4th Cir. 1991); *Goodson v. United States*, 564 F.2d 1071, 1072 (4th Cir. 1977). Counsel cannot be judged ineffective for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy." *Darden v. Wainwright*, 477 U.S. 168, 169 (1986). In light of the evidence presented during the PCR hearing, the undersigned finds the PCR court made reasonable findings of fact and reasonably applied federal law in denying Petitioner's ineffective assistance of counsel claim. The undersigned further finds that the state court did not unreasonably apply the mandates of *Strickland* in denying Petitioner's claim.

As to Petitioner's allegations concerning his guilty plea, the record shows Petitioner chose to enter a plea of guilty, freely and voluntarily. *Little v. Allsbrook*, 731 F.2d 238 (4th

Cir. 1984); *U.S. v. Futeral*, 539 F.2d 329 (4th Cir. 1976). At his plea hearing, Petitioner stated he understood the charges he was facing; that he faced a potential punishment of up to 30 years for voluntary manslaughter; that his constitutional rights included his right to remain silent, right to a jury trial, right to confront witnesses; that his entering a guilty plea means that he admits the truth of the charges against him; that no one promised him or forced or threatened him to induce the plea; and that he was entering a guilty plea voluntarily, of his own free will. [ECF No. 12-1 at 125–35, 141–44]. The solicitor presented the facts of the state's investigation, *id.* at 136–38, with which Petitioner concurred, *id.* at 138. In light of the evidence presented, the undersigned finds the PCR court made reasonable findings of fact and reasonably applied federal law in denying Petitioner's involuntary guilty plea claim.

Petitioner has failed to show the PCR court and the Court of Appeals unreasonably applied United States Supreme Court precedent in deciding his involuntary guilty plea and ineffective assistance of counsel claims. Additionally, Petitioner has failed to show by clear and convincing evidence that the PCR court reached an unreasonable factual determination of these issues given the evidence and record before it. *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (holding that federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding); *Williams v. Taylor*, 529 U.S. 420 (2000); *Bell v. Jarvis*, 236 F.3d 149, 157–58 (4th Cir. 2000); 28 U.S.C. § 2254(e)(1) (finding the determination of a

factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence). Accordingly, Petitioner has failed to overcome the deferential standard of review accorded the state PCR and appellate courts' determinations of these issues. Petitioner has failed to show he is entitled to federal habeas corpus relief on Ground One, and the undersigned recommends that it be denied and dismissed with prejudice.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Respondent's motion for summary judgment. [ECF No. 11].

IT IS SO RECOMMENDED.

September 16, 2015                                Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).