IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry Dean Casey, | ) | |
| | ) | No. 1:14-cv-04765-RMG |
| Petitioner, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Robert M. Stevenson, III, *Warden BRCI*, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 16), recommending that Respondent's Motion for Summary Judgment be granted. No objections have been filed to the R & R. For the reasons stated below, the Court **ADOPTS** the R & R in full. Accordingly, Respondent's Motion for Summary Judgment (Dkt. No. 11) is **GRANTED**.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

However, as is the case here, where no objections are made, this Court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting

the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

The Court has carefully reviewed the pleadings, the parties' briefing, and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Petitioner raised two grounds in his habeas petition: (1) that his guilty plea was "unintelligent and involuntary as a result of ineffective assistance of counsel"; and (2) that the trial court's denial of his motion to suppress his statements of confession deprived him of his Fifth Amendment rights. (Dkt. No. 1). The Court agrees with the Magistrate Judge that Ground 2 is procedurally barred because it was not raised in any of the state court proceedings, and Petitioner has not shown cause of his failure to raise it there.

The Court also agrees with the Magistrate Judge that the PCR court's decision on Ground 1 was not contrary to, or an unreasonable application of, clearly established federal law as established by the Supreme Court or based on an unreasonable determination of the facts. Petitioner alleges that counsel was ineffective for advising him to reject the state's prior plea offer of 12 years. (Dkt. No. 1-1 at 3). However, the PCR court found counsel's testimony more credible than Petitioner's. (Dkt. No. 12-1 at 212-13). And counsel testified that she "never told him to reject the twelve year deal. All I did was try to let him make an informed decision as to what he wanted to do." (*Id.* at 198). She stated that "in retrospect, I should have pressed Larry to take . . . but I didn't. And I can tell you that I'm sorry that I didn't. But I did not tell him to reject it." (*Id.*). The PCR Court found that, based on this testimony and other evidence before the court, "[c]ounsel adequately conferred with [Petitioner] regarding his option to accept the plea or proceed to trial, and was thoroughly competent in his representation." (*Id.* at 213). The

Court agrees with the Magistrate Judge that the PCR court did not make an unreasonable determination of facts based on the record and that the PCR court's finding was not contrary to, or an unreasonable application of, established federal law.

Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 16) as the order of this Court. Accordingly, Respondent's Motion for Summary Judgment (Dkt. No. 11) is **GRANTED** and the habeas petition is **DISMISSED WITH PREJUDICE**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

October 13, 2015
Charleston, South Carolina

-3-